**Stephen BEIGHTLER, Appellant**

v.

**OFFICE OF the ESSEX COUNTY PROSECUTOR; Essex County, New Jersey; State of New Jersey, et al.**

No. 09–1122.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Aug. 14, 2009.

Opinion Filed: Aug. 20, 2009.

---

David Bender, Esq., Office of Attorney General of New Jersey, Trenton, NJ, Frederick B. Polak, Esq., Post, Polak, Goodsell, Macneill & Strauchler, Roseland, NJ, Alan Ruddy, Esq., Office of County Counsel County of Essex, Newark, NJ, for Essex City Pros., County of Essex, State of NJ.

Stephen Beightler, Bellefontaine, OH, pro se.

Before: BARRY, SMITH and GARTH, Circuit Judges.

## OPINION

PER CURIAM.

Stephen Beightler, proceeding pro se, appeals from the order of the United States District Court of New Jersey granting the defendants' motion to dismiss his complaint. For the reasons that follow, we will affirm.

### I.

As we write solely for the benefit of the parties, we set forth briefly only those facts necessary to our analysis. On February 22, 2007, Beightler was arrested at the Newark Liberty International Airport just before he was to board a flight to

Amsterdam. Port Authority police Mirandized and questioned him regarding a firearm which was found disassembled, unloaded, and placed in multiple bags that he had checked with the airline. Beightler fully cooperated with the Port Authority and admitted that the firearm belonged to him. He claimed that he packed it for safety purposes while traveling abroad, that he was unaware that airline procedure required passengers to declare firearms, and that he thought the proper procedure for carrying a firearm was to disassemble and stow it in a locked container in the airplane's cargo.

Federal agents questioned Beightler while he was in custody and decided not to pursue the matter further. The arresting Port Authority officers contacted the Essex County Prosecutor's office, and Beightler was charged with unlawful possession of a firearm. Beightler applied for admission to the state's Pre–Trial Intervention ("PTI") program, which would have allowed him to complete a period of probation and avoid indictment. The parties agree that the Essex County Prosecutor's Office ("ECPO") denied Beightler's application, despite the probation department's recommendation that he be admitted, characterizing Beightler's actions as national security breaches and likening them to acts of terrorism. Beightler appealed his PTI admissions denial, but pleaded guilty when his appeal was denied. Beightler then filed this civil rights suit pursuant to 42 U.S.C. § 1983, alleging that the State of New Jersey, Essex County, and ECPO: (1) violated his equal protection rights under the Fourteenth Amendment; (2) violated his Fifth Amendment due process rights; (3) defamed him pursuant to N.J. Stat. Ann. § 2a:14–3; and (4)

negligently prosecuted him in violation of state common law. Upon defendants' motion to dismiss, the District Court concluded that Beightler failed to state a claim upon which relief could be granted because the defendants were protected by the Eleventh Amendment. This appeal followed.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and conduct de novo review of the District Court's dismissal pursuant to Rule 12(b)(6). *Phillips v. County of Allegheny,* 515 F.3d 224, 230 (3d Cir.2008). We accept as true all of the allegations contained in the complaint and draw reasonable inferences in favor of a pro se plaintiff. *Id.* at 229; *see also Erickson v. Pardus,* 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (per curiam). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* —— U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

## III.

Beightler's appeal presents two arguments. First, he argues that ECPO is not an arm of the state and therefore should not enjoy Eleventh Amendment immunity. Next, he claims that even if ECPO were eligible for immunity under the Eleventh Amendment, that protection was waived by voluntarily placing itself within federal jurisdiction, or alternatively, by acting maliciously and with wilful misconduct.[1]

1. By only raising the issues outlined above on appeal, Beightler has waived his claims against the State of New Jersey and Essex County. *See United States v. Pelullo,* 399 F.3d 197, 222 (3d Cir.2005) (holding "an appellant's failure to identify or argue an issue in

Eleventh Amendment immunity protects not only states but also state agencies, "as long as the state is the real party in interest." *Fitchik v. New Jersey Transit Rail Operations*, 873 F.2d 655, 658 (3d Cir.1989) (en banc), *cert. denied*, 493 U.S. 850, 110 S.Ct. 148, 107 L.Ed.2d 107 (1989). To determine whether Eleventh Amendment immunity applies, we consider three factors: (1) the source of the agency's funding—i.e., whether payment of any judgment would come from the state's treasury; (2) the status of the agency under state law; and (3) the degree of autonomy from state regulation. *Id.* at 659. In the context of an agency analysis, we discussed all of these concerns, *see Coleman v. Kaye*, 87 F.3d 1491, 1505 (3d Cir.1996), culminating in the conclusion that "when [New Jersey county] prosecutors engage in classic law enforcement and investigative functions, they act as officers of the state."

■ We recognized in *Coleman* that county prosecutorial offices conducted two distinct sets of functions: (1) the administrative functions of operating their offices, and (2) the classic law enforcement and investigative functions for which they are chiefly responsible. After essentially analyzing the same factors presented in *Fitchik*, we concluded that county prosecutors acted as arms of the state when they performed the latter. *Id.* at 1499–1505. Here, ECPO was undeniably engaged in a classic law enforcement function when it charged Beightler with unlawful possession of a firearm. Accordingly, in doing so, ECPO was acting as an arm of the state and entitled to immunity under the Eleventh Amendment, unless it waived its protection.

■ Beightler theorizes that ECPO waived its immunity by voluntarily placing itself within federal jurisdiction. According to Beightler, ECPO placed itself within federal jurisdiction "when [it] voluntarily invoked the jurisdiction of federal courts." Appellant's Brief at 8. In support of this claim, he cites *Lapides*, 535 U.S. at 624, 122 S.Ct. 1640, in which the Supreme Court held that a state waived its Eleventh Amendment immunity when *it* removed a case from state court to federal court. *Lapides*, however, is distinguishable. Here, *Beightler* chose the forum, and the defendants claimed sovereign immunity from the outset. ECPO's presence in federal court was thus involuntary and did not waive its sovereign immunity.

■ Alternatively, Beightler theorizes that ECPO waived its immunity by acting maliciously and with willful misconduct. In support of his claim Beightler cites *Wright v. State*, 169 N.J. 422, 456, 778 A.2d 443 (2001), in which the New Jersey Supreme Court held that county prosecutors were not entitled to indemnification and defense by the State of New Jersey for alleged "tortious conduct committed during the investigation, arrest, and prosecution" when their acts or omissions involve fraud, actual malice, or willful misconduct.

According to Beightler, *Wright* demonstrates that evidence that a county prosecutor's office acted with malice or willful misconduct is relevant in determining whether the state treasury would be responsible for paying a judgment. Despite its relevancy to the *Fitchik* analysis, we already determined, after considering all

his opening brief constitutes waiver of that issue on appeal."). We note, however, that even had Beightler preserved his claims against the State of New Jersey, that claim would have failed because the Supreme Court

has held, "a State is not a 'person' against whom a § 1983 claim for money damages might be asserted." *Lapides v. Board of Regents*, 535 U.S. 613, 617, 122 S.Ct. 1640, 152 L.Ed.2d 806 (2002).

of the *Fitchik* factors as a whole, that New Jersey county prosecutors are arms of the state when carrying out prosecutorial functions. Furthermore, *Wright* was not an Eleventh Amendment immunity case, and we have found no authority that has deemed garden variety overzealousness of the type alleged here to be a waiver sufficient to establish a waiver of Eleventh Amendment immunity.

## IV.

In light of the foregoing, we conclude that Beightler has failed to state a claim upon which relief could be granted. Accordingly, the District Court's order is affirmed.